RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

1

OCT 0 1 2014

JAMES N. HATTEN, Clerk
By:                    Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **Plaintiff(s)** ) | |
|    Minnie Lee Webster ) | **CAP** |
|    Helene Sisk Webster ) | |
| **Pro Se Attorney** ) | CIVIL ACTION FILE NO. |
|    Helene Webster ) | |
|    vs. ) | |
| ) | **1  14-CV-3157** |
| **Defendant(s)** ) | |
|    **Emory University Hospital** ) | |
|    Dr. Jason E. Liebzeit M.D ) | |
|    Dr. Latara V. Demps Surgeon ) | |
|    Nurse Practitioner Gail Walls ) | |
|    PA. Beatrice ) | |
|    Dr. Sherling ) | |
|    **Well Stare Hospital Windy Hill** ) | |
|    Dr. Bray ) | |
|    **Golden Living Rehab Decatur** ) | |
|    **Amedy's Home Hospice** ) | |
|    **Advance Plus Hospice** ) | |
|    **Dr. Daya Private** ) | |

## Pro Se Attorney Gross Medical-Mal Practice Discrimination Complaint
## Claims and Jurisdiction

1.  This discrimination lawsuit is brought under the following:

   X      Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seg., for
           discrimination on the basis of *retaliation* for exercising rights under
           this statute.

   X      Age discrimination of the 1967, 29 U.S.C. §§ 621 et seg.,
           for discrimination against persons age 40 and over, or retaliation for

exercising rights under this statute.

___X___   Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seg.,
for discrimination on the basis of disability, or retaliation.

Your Honor, I, Helene Sisk Webster [from this point forward known as
"Helene," and " I,"] come now on October 1, 2014 in supplication, on the behalf
of Plaintiff, my biological mother, and  Durable Power of Attorney/ Daughter
Helene S. Webster exercising rights under these statues. Mrs. Minnie L. Webster
[from this point forward known as Mrs. Webster, and Mrs. Minnie"] and myself to
Petition the Courts for "Due process" for  Justice  and a Jury trial against the
named and to be named Defendants on the behalf of Mrs. Webster and for Gross
Medical Care Discriminations Lawsuit is brought under Title IIV for  Age, Act of
1967, 29 U.S.C. §§ et seq., medical discrimination against 80 ; and also Disability
Act of 1990, 42 U.S.C. §§ 12101 et seq. of document  Dementia and Post
Traumatic Stress Disorder and Retaliations.

Also, Plaintiff, Helene's documented disability Post Traumatic Stress
Disorder (PTSD) and Emotional Duress, violation of Power of Attorney rights for
Plaintiff Mrs. Webster.

Other Discrimination Medical Enterprise Corruptions Systemic,  Gross
Medical Corruptions, Gross Medicare Fraud (Experimental Medical Care) and
unauthorized and Concealed Nurse Practitioner performing surgeries),  Medical
Standard of Care equated to severely "substandard" and atrocious, Gross  Elderly
Abuse (Medical Exploitations), Obstruction of Medical Justice internal cover-ups,
deceit, concealing information...etc.

2. This Court has subject matter jurisdiction over this case under the above-listed
statutes and under 28 U.S.C. §§ 1331 and 1343.

## Parties

3.  Plaintiff(s):
Name:   Mrs. Minnie Lee Webster
Address: 5151 Thompson Road, Unit 2317
Fairburn, GA 30213

Name:   Helene Sisk Webster
Address: 5151 Thompson Road, Unit 2317
        Fairburn, GA 30213

4. Defendant(s):
   Name:  Emory University, Mid town
   Address:  550 Peachtree Street, NE, Atlanta GA. 30308


   Name:  ER Medicine, Dr. Jason E. Liebzeit M.D
   Address: 550 Peachtree Street, NE, Atlanta GA. 30308

   Name Surgeon, Dr. Latara V. Demps
   Address: 550 Peachtree Street, NE, Atlanta GA. 30308


   Name Nurse Practitioner, Gail Walls - NIP# 1952406019
   Address: 550 Peachtree Street, NE, Atlanta GA. 30308


   Name:  PA, Beotrice _____ "Bea"
   Address: 550 Peachtree Street, NE, Atlanta GA. 30308


   Name:  Dr. Shirling
   Address: 550 Peachtree Street, NE, Atlanta GA. 30308


   Name: Well Star Hospital, Wendy Hill
   Address: 2540 Wendy Hill, Rd. Marietta, GA.

Name:  Pulmonary Dr. Wesley Braye
Address: 2540 Wendy Hill, Rd. Marietta, GA.

Name: Golden Living Centers: Rehab Nursing Home, Decatur
Address: 2787N Decatur, Rd. Decatur, GA 30033

Name:  Dr. Daya
Address:

Name:  Amdy's home Hospice
Address:

Name:  Advance Plus hospice
Address:

# Locations and Time

5. Additional conduct also occurred at a location different from the address
provided for defendants, state where that discrimination occurred.

The Home Hospice treatment discrimination occurred at the residence of
Plaintiffs' Mrs. Minnie Webster and Helene Sisk Webster, (Affidavit live-in
Care-Giver), 5151 Thompson Road, Unit 2317, Fairburn, GA 30213.

The time period duration for Home Hospice was February 21, 2013 through
June 17, 2013 by named home hospice Medical Provider(s):

Name:  Amedy's Home Hospice Fayetteville
Address:

Name:  Advance Plus Hospice:
Address:

6.  When did the discrimination occur?  State date or time period. Please Refer to
Complaint section #11.

## Administrative Procedures

7.  Did you file a charge of Medical Discrimination against defendant(s) with any
federal agency?

_____X_____ Yes  _____ No

The charge complaint is registered under Complaint # 964069322008 "Medical
Enterprise Corruption" on Dec. 23, 2014 sent via email on Jan. 17, 2014.  Humana
Medicare Investigator, Robert Lodgson

- Emory Out Patient Clinic- Reported to: Medicare Fraud Hotline
- Emory University Hospital "Mid-Town"- Reported to: Medicare Fraud Hotline
- Well Star Hospital LTAC "Wendy Hill" - Reported to: Medicare Fraud Hotline
- Golden Living  Rehab "Decatur"- Reported to: Medicare Fraud Hotline
- Amydes  Hospice Home Hospice "Fayeville"- Reported to: Medicare Fraud
Hotline
- Advance Plus Hospice Medicare
- Dr. Daya
- …etc.

8.  Have you received a Notice of Right –to-Sue letter?

Investigation is on-going. Investigator,  Robert _____ verbally informed Helene via
phone conversation on Jan. ____ 2014 [Impart…] "This is now an Open Case

Investigation pertaining to Mrs. Webster, it is considered "Confidential" and "Personal Injury"…When a Medical Providers cause "Personal Injury" to an Elderly Patient, we take that more seriously than they committing Medicare Fraud."

   X   Yes          No

If yes, attach a copy of that letter to this complaint and state the date on which you received that letter:

REF. # 964069322008  "Medical Enterprise Corruption" on Jan. 14, 2014 sent via email Humana Medicare.

## Nature of Case

9.  The conduct complained about in this lawsuit involves:

   X    failure to medical to offer diet options as alternative treatment

   X   denied the right to obtain a second opinion

   X   Medical Providers "Grossly Breached of Contract" with Mrs. Minnie L. Webster and her Durable Power of Attorney, and daughter, Helene S. Webster from October 1 through November 6, 2012; and also, thereafter Mrs. Webster's  discharge.

   X    Dr. Sherling and Dr. Demps conspired and  manipulated Helene to sign a second _____ from one signed on October 1, 2012 to a second after October 16, 2012 " Do not resuscitate" when she (Helene was an emotionally distraught and total dismay, trying to get answers as to mom's condition, after 13 days in critical care.  Patient was originally scheduled to be released October 7, 2013 and went from tentatively being released to critical care, on a ventilator fighting for her life?

   X    Around Oct. 29, 2012 Helene was harassed, coerced, and badgered to sign Consent Paper for her beloved Mother to admitted to  in-house hospice with Gentiva.

___X___ Abandonment by Dr. Demps, went on a vacation on Oct. 14, 2012`

___X___ Retaliation against Mrs. Webster – Withheld "Pain Medications while in ICU, IV Fluid's not drain off lungs making impossible to get weaned off Ventilator; PhyscianInduced and Concealed Stroke, at least 2 or three times. several occasion.

___X___ Retaliations against Helene for reporting to Patient and Family Advocate and Risk Manager throughout the horrific ordeal. An "Official Grievance Investigation" findings were also intentionally Concealed from Durable Power of Attorney, Helene that was started around Oct. 16, 2012.

___X___ Failure to accommodate Mrs. Webster's Disability-Dementia

___X___ Failure to accommodate Helene's Disability Post Tramatic Stress Disorder "PTSD" therefore concealed information and tricked (willfully manipulated) in signing Fraudulent Consent Papers. Not disclosing to Helene Mrs. Webster's Blood Work Labs result; nor result from Cat-scan Reports taken on Oct. 1, 8, 11, 2012 in a "timely manner." The Cat-Scan images and Radiolgy Reports were not disclosed to Helene not by Dr. Demps; but Dr. Grossman's Physician's Assistant (Palliative Care)around Oct. 29, 2012.

Dr. Demps Harassed and Retaliated against Helene for taking pictures of her mother physical body, surgical wound, asking questions and making verbal Grievances.

___X___ Sever Attempt to willfully Terminate the health and life of Mrs. Minnie Lee Webster

___X___ Other:

(a.) Medical Provider's did not provide the normal standard of Medical care to Mrs. Webster.

(b.) Elderly Abuse - Mrs. Minnie Webster was set up and exploited in the following manners: Plaintiff was unwarrantedly admitted into the Emory Midtown Hospital on October 1, 2012 with a status of medical to surgery

without diagnosis, face-to-face, consultation, and no lab results of blood work and CAT scan.

(c.) Denied and Violated Mrs. Webster's wish for her daughter as her Durable Power of Attorney to act on her behalf.

(d.) Helen handed over evidence that a nurse had extracted diverticulitis abscess fluid using six syringes from Mrs. Minnie Webster in error, and Helene turned it over to the Risk Manager and the Family and Patient Advocate. Mrs. Minnie Webster was contaminated with parasites.

(e.) There were eleven grievances, and Helene was promised a report of the findings, and the Risk Manager and the Family and Patient Advocate failed to deliver a copy of the grievances.

10. Discrimination occurred because:

___X___ Mrs. Minnie Webster's age and her date of birth is May 2, 1932 Medicare Benefits payout.

___X___ Mrs. Minnie Webster's disability which is documented Dementia and Post Traumatic Stress Disorder.

___X___ Helene Sisk Webster's disability which is documented Post Traumatic Stress Disorder and Anxiety.

___X___ Mrs. Minnie Webster's opposition to substandard and unwarranted medical practices that violated the federal anti-discrimination laws resulting in harassment and retaliation.

Emory physicians' caused several life threaten "Personal Injuries" to Mrs. Webster in order to perform additional surgeries and procedures to bill Medicare:

- Sever weight **gain lbs. 27.5lbs Fluid overload** Physician Induced and conceal Edema that was manifested Oct. 2 -10, 2012
- **Fluid overload** Congested Heart Failure before she became septic on Oct. 10-13, 2012

- Deceived Helene to sign Consent Paper based on lies and deception to medical necessity for the two Diverticulitis Abscess Drains. Also lied it was an only procedure and not a surgery. Helene stated on October 2, 2012 did not want her mom to undergo a surgery.
- On Oct. 2, this surgery was performed by an unauthorized Nurse Practitioner, Gail walls.
- Failed to Flush Diverticulitis Abscess Drains from Oct. 2 thru. 8, 2012.
- Nurse Induced and concealed Septic Shock from Oct. 9 thru Oct. 13, 2012.
- Radiology Induced **Septic Shock** on Nov. 5, 2012 consent to a feeding tube.
- Wrongful death **Septic Shock and Major Organ Failure** on Oct. 13 **until** The Lord intervened Oct. 14, around 7:00 a.m. caused her organs to regaining functionality.
- Conspired, Coerced and Badgered Oct. 13-14, 2012 for over 6 to 10 hours "...to pull the plug to Mrs. Webster ventilator. Mrs. Webster had already had coded (concealed from Helene). **Medical Cover-up**.
- Bronchitis
- "Reversible Colonoscopy" can't be reversed but when consulting with a new physician at Piedmont found out that it could not be reversed due to Mrs. Webster's "Severe Weak Immune System".
- Mrs. Minnie Webster suffered a Physician-Induced stroke rated a third spacing level. Stroke was concealed. This occurred on October 29, 2012 in ICU.
- Mrs. Minnie Webster suffered severe weight loss from 190 lbs. to 107 lbs. from the time period October 1, 2012 to October 1, 2014.
- Consequently, Mrs. Minnie Webster continues to suffer from reoccurring UTI's, Septic Shock, and Pneumonia...etc.

## Complaint

Mrs. Minnie Webster and Helene Sisk Webster bring this lawsuit against Emory University Midtown Hospital, and against Defendants ER Medicine Dr. Jason E. Liebrezeit, M.D.; Surgeon Dr. Latara V. Demps; Nurse Practitioner Gail Walls;     GI Physician Dr. Richter; Nurse 1 (To be name), Nurse 2 (To be named), Nurse 3 (To be named). PA Beatrice To be named, Dr. Sherling, ICU Nurse 1 Grace To be named; ICU Nurse 2 To be named in support of these allegations.  Plaintiff states:

## FACTS Scenario 1 – Dr. Liebrezeit - Gross Negligence - Gross Medical Malpractice – Gross Elderly Abuse – Gross Induced Personal Injury

1. That the Plaintiff Mrs. Minnie Webster and Helene Sisk Webster are residents of Fairburn, Georgia.

2. That Defendants Emory University Midtown Hospital is an organization providing medical services to the citizens of the Atlanta Metro and has its principle place of business located in Atlanta, GA.

3. That Defendants Emory University Midtown Hospital with its principle place of business located at 550 Peachtree Street NE, Atlanta, GA 30308.

4. That all remaining defendants are medical providers providing medical services in Georgia and at the time of the Gross Medical Malpractice, Personal Injuries, Gross Negligence were all employees/agents/servants of Defendants Emory University Midtown Hospital and were acting in the scope of that employment/agency/servant relationship when they failed to follow the applicable standard of medical care during their treatment of the Plaintiff Mrs. Minnie Webster on October 1, 2012 through November 6, 2012, which resulted in a physical injury to the Plaintiff Mrs. Minnie Webster. Additionally, daughter, Durable Power of Attorney, Helene Sisk Webster suffered severe Emotional duress, Post Traumatic Stress Disorder, and Depression.

5. On October 1, 2014, the Plaintiff Mrs. Minnie Webster underwent a CT scan of her abdomen, as recommended by the Defendants, which revealed two perforated-free diverticulitis abscesses (not ruptured).

6. That following the Plaintiff's CT scan, the Defendants Dr. Liebrezeit, M.D. , never informed the Plaintiff of the results of the CT scan, never informed the Plaintiff of the presence of two perforated-free diverticulitis abscesses (not ruptured nor

considered critical).  Dr. Liebrezeit never informed Plaintiff or daughter Helene Webster of the diagnosis.  Instead Dr. Liebrezeit admitted Plaintiff into the Emory University Midtown hospital.

7. As a direct result of the Defendants breaching the applicable standard of medical care owed to the Plaintiff by failing to inform the Plaintiff of the results of the CT scan which revealed the presence of two "perforated free" diverticulitis abscesses (not ruptured or critical) by failing to diagnose and withholding diagnosis and information of the Plaintiff physical condition.  Dr. Liebrezeit did not consult with and inform daughter Helene Webster of the Plaintiff's Mrs. Minnie Webster's diagnosis, withholding and concealing information.

**FACTS Scenario 2 – Emory University Midtown Hospital Continued -  Dr. DempsGross Negligence - Gross Medical Malpractice – Gross Elderly Abuse – Gross Induced Personal Injury Personal Injury**


On October 1, 2012, the Plaintiff Mrs. Minnie Webster underwent a CT scan of her abdomen, as recommended by the Defendants, which revealed two perforated-free diverticulitis abscesses (not ruptured or critical).

8. The evening of October 1, 2012, another ER Physican  (unnamed)communicated to the Plaintiff's daughter, a surgeon Dr. Demps also looked at the CT scan and could make out the image. Dr. Demps would be in to consult with the daughter prior to being admitted into the hospital.  The Plaintiff's admission status was changed by Dr. Demps  from "Medical to Surgery," according the African American (unnamed) ER Physician.   The Plaintiff's daughter was never informed

or consulted with on the Plaintiff's, Mrs. Webster's medical condition prior to being admitted into the hospital.

9. That following day, Oct. 2, 2012 the Plaintiff's CT scan, the Defendant Dr. Demps, surgeon, also concealed from the Plaintiff and her daughter the results of the CT scan, never informed them of the two "perforated-free" diverticulitis abscesses (were not ruptured nor considered critical). Dr. Demps first time face-to-face informed her daughter Helene Webster of an false and incomplete diagnose On October 2, 2012, Dr. Demps met with the Plaintiff's daughter Helene Webster to obtain consent to perform a colonoscopy on Plaintiff Mrs. Minnie Webster. Daughter did not agree to the colonoscopy and requested a less invasive treatment for her Mother's diagnose. Dr. Demps coerced the daughter into accepting the diverticulitis abscess drain, and told the daughter the diverticulitis abscess drain was a procedure and not a surgery. However, she insisted that Mrs. Minnie Webster undergo the diverticulitis abscess drain immediately; because the Plaintiff's "Your mother's life is in jeopardy she would not have time to get a second opinion." The Plaintiff was not allowed a second opinion or time to consult with the Plaintiff's primary care doctor, Dr. Jonathan Flacker, also part of the Emory Outpatient Clinic. She told Helene she would perform the procedure of the diverticulitis abscess drains on Oct. 2nd and confirmed it on the 3rd .

On Oct. 8, 2014, Helene discovered Dr. Demps had lied to her for performing the diverticulitis abscess drain.

As a direct result of the Defendants breaching the applicable standard of medical care owed to the Plaintiff by coercing the daughter Helene Webster into signing Consent Paper to the diverticulitis abscess drains to be performed "immediately,"

not allowing Helene request for a second opinion, did not discuss risk, or Plaintiff'
80 year age and concealing resulted in extreme pain and suffering by the Plaintiff,
endangerment of the Plaintiff's life, and psychologically the Plaintiff and her
daughter suffered from severe emotional trauma and depression.

## FACTS Scenario 3 – Emory University Midtown Hospital Continued – Nurse Practitioner – Gail Walls & Dr. Demps - Gross Negligence - Gross Medical Malpractice – Gross Elderly Abuse – Gross Induced Personal Injury

On October 2, 2012, the Plaintiff Mrs. Minnie Webster underwent unauthorized
and unconsented surgery performed by Nurse Practitioner Gail Walls.  Walls
performed the diverticulitis abscess drain in radiology.

10.That following the Plaintiff's surgery, the Defendant Gail Walls, Nurse
Practitioner, failed to issue the orders to flush the abscess drains for irrigation and
infection avoidance.  She did not perform a culture of the fluid in the abscess or
prescribe the correct antibiotic for proper recovery of the surgery. On October 3.
2012, Dr. Demps informed the Plaintiff's daughter that the Plaintiff's surgery was
to be flushed; however, the nurses were not flushing the surgery correctly, and
the surgery was clogged.  On October 6, 2012, a second CAT scan was performed
and the results were also concealed, not informing the Plaintiffs daughter that the
diverticulitis was perforated free.  The Plaintiff was to be discharged on October
7, 2012; however, Dr. Demps never showed up to discharge the Plaintiff.  On
October 8, Dr. Demps lied to the Plaintiff's daughter that she did not know if the
"abscesses were same two or two new ones".  It was a week later, October 8,
2012, that the Plaintiff's daughter discovered the Gail Walls had performed the

surgery. The Plaintiff and her daughter were not consulted or informed by Walls of any the Plaintiff Mrs. Minnie Webster or her daughter Helen Webster of the results of the surgery. The daughter Helene Webster.

11. As a direct result of the Defendants breaching the applicable standard of medical care owed to the Plaintiff due to potential damage from a lack of communication post-surgery. The lack of communication involved three breaches. First, the Plaintiff's daughter Helene Webster was lead to believe that Dr. Demps would be performing the abscess surgery. Instead Gail Walls, Nurse Practitioner, performed the surgery and the Plaintiff's daughter was told by Dr. Demps she would be performing the "Procedure" on Oct. 2, 2012. Second, On Oct. 8, 2012 Gail Walls identified herself as the doctor that performed the surgery on October 2, 2012 in a conversation via phone with the Plaintiff's daughter Helene Webster. However, on Oct. 14, 2012 the Plaintiff's daughter discovered Gail Walls was a Nurse Practitioner and not a Doctor. Third, in a conversation with the Plaintiff's daughter Helene Webster, Walls said she had flushed the Plaintiff's abscesses, and the nurses were supposed to be flushing them per an order that Walls issued on October 2, 2012. The Plaintiff's daughter informed Walls that the abscesses were not being flushed.

**FACTS Scenario 4 – Emory University Midtown Hospital Continued – Nurse Practitioner – Gail Walls & Nurses - Gross Negligence - Gross Medical Malpractice – Gross Elderly Abuse – Gross Induced Personal Injury**

On October 8, Gail Walls issued a second "Doctor's Order" informing the nurses to flush the abscesses, correcting the Plaintiff's treatment beginning October 9, 2012.   This duration began October 9, 2012 through October 12, 2012.

11.That following the Plaintiff's namely, the flushing of the Plaintiff's abscesses, the nurses did not how to perform the diverticulitis abscess flushes.  The nurses went online accessing the "Ask the Doctor" website asking "how to flush Diverticulitis abscess drains."  On Oct. 10, 2012 am a nurse "Induced perforation to divertiulitis Abcess" (ruptured) to one of the two abscesses by thrusting the saline solution with "extreme force" to unclog drain wholes, using a 10 CC syringe into Mrs. Webster's Diverticulitis Abscess drains .  This error, of "extreme force"  resulted in the abscess oozing with infection's puss (ecoli and parasites in stool)  from the surgical wound sight both in and outside of Mrs. Webster's stomach. When Helene informed the Nurse, she refused to call Dr. Demps, and Dr. Gail Walls; also she refused Helene's request to clean and changes her mother's surgical bandages, cleaned the pus from stomach and change hospital gown.

On October 12, 2012 The Plaintiff's daughter Helene Webster was horrified and spoke with the GI Doctor, Dr. Richter and shared that the nurses had gone seven days (Oct. 2 – 8) without flushing Mrs. Minnie Webster's diverticulitis abscesses drains. Note: Dr. Demps told Helene on Oct. 3, 2012 that the nurses are to "Flush the Diverticulitis Abscess Drains" daily.

12. On October 12, 2012 another nurse did an even worst drain method to Mrs. Webster around Oct. 11, or 12, 2012. the nurses extracted the infectious pus fluid with at least 6 to 10 syringes (5cc and 10cc).  The Nurse, then discarded the toxic

waste syringes into the Mrs. Webster's hospital room's trash can- predisposing Helene also to hospital bacteria. Helene showed of the six syringes to Dr. Richter before giving to Risk Manager and Patient and Family Advocate, Charlene Correa .

Dr. Richter told the Plaintiff's daughter that the manner that the nurses extracted the fluid with syringes was administered in error, possibly putting the Plaintiff's life in jeopardy.    Dr. Richter advised the Plaintiff's daughter that the fluid was supposed to flow out of the abscesses into the drains; but not to be extracted. Dr. Richter reported the "Grossly Negligent Act" to the Nurses' station charge nurse, witnessed by Helene.

As a direct result of the Defendants breaching the applicable standard of medical care owed to the Plaintiff due to Gross/Error medical treatment it also jeopardies the Plaintiff's life.  The Plaintiff became septic between the dates October 10, through October 13, 2012 from Nurse's Induced Perforation.   The Cat Scan taken and the Radiology's Report stated on Oct. 11, 2012 that a "Diverticulitis Abscess Perforation" had occurred".

# FACTS Scenario 5 – Emory University Midtown Hospital Continued – Dr. Demps And Nurses - Gross Negligence - Gross Medical Malpractice – Gross Elderly Abuse – Gross Induced Personal Injury

On October 2, 2012 through October 10, 2012, Plaintiff suffered from IV fluid overload.  The nurses and Dr. Demps were not monitoring the speed and the amount of IV fluids being administered to the Plaintiff Mrs. Minnie Webster.

Signs of Edema appeared as early as October 3, 2012, on the Plaintiff's right hand and the right side of the Plaintiff's body.

13. As a direct result of the Defendants breaching the applicable standard of medical care owed to the Plaintiff, the Plaintiff suffered from Edema and Congestive Heart Failure and Dr. Demps failed to inform the Plaintiff's daughter Helene Webster, concealing the Edema and Congestive Heart Failure, jeopardizing the Plaintiff's health.

## FACTS Scenario 6 – Emory University Midtown Hospital Continued – Dr. Demps And Nurses – Gross Negligance Compactd Stoole - Gross Negligence - Gross Medical Malpractice – Gross Elderly Abuse – Induced Personal Injury

On October 2 , 2012 through October 12, 2012, Plaintiff suffered from compacted stoole because nurses and Dr. Demps were not monitoring her bowl movement or administering Colace (stool softener).  The nurses and Dr. Demps were supposed to monitor the Plaintiff for a bowl movement every three days.  They failed to monitor the student, take the Plaintiff to the bathroom, or help the Plaintiff use a bed pan.

As a direct result of the Defendants breaching the applicable standard of medical care owed to the Plaintiff, the Plaintiff's lack of proper medical treatment and monitoring of her stoole, resulted in the Plaintiff's becoming compacted.  The Plaintiff underwent a deferred colonoscopy.  This was a setup by Dr. Demps to perform the colonoscopy that she wanted to peform on the Plaintiff back on October1, 2012.  The personal injury is the colonoscopy is supposed to be reversible; however, due the Plaintiff's weak immune system, she cannot undergo

another surgery for the rest of her life. This is permanent damage to the Plaintiff's health and well-being.

## FACTS Scenario 7 – Emory University Midtown Hospital Continued – Dr. Demps – Second Emergency Surgery - Gross Negligence - Gross Medical Malpractice – Gross Elderly Abuse – Gross Induced Personal Injury

On October 12, 2012, visited the Plaintiff and the Plaintiff's daughter shared that her mother Mrs. Minnie Webster had gained 27.5 lbs in the first ten days from IV fluid overload, and she could no longer walk. The Plaintiff was sleeping on a deflated air mattress. The nurses had not been getting the Plaintiff out of bed to move her around from October 1, 2012 until she was discharged November 6, 2012. The morning of October 1, 2012 prior to being admitted to the hospital, was the last time the Plaintiff Mrs. Minnie Webster walked. The hospital personnel, Dr. Demps and the nurses denied the Plaintiff's daughter's request to get the Plaintiff up and out of the bed. Dr. Demps did not put an order in approximately October 10, 2012. Dr. Demps coerced the Plaintiff's daughter Helene Webster into signing consent papers for surgery. Dr. Demps concealed that the surgery was an emergency and never informed the Plaintiff's daughter. The CT scan administered October 8, 2012 revealed the Plaintiff was suffering from a nurse-induced diverticulitis perforation. The Plaintiff was septic at this time and Dr. Demps never informed the Plaintiff's daughter of the Mrs. Minnie Webster's condition, the diverticulitis perforation and being septic. Dr. Demps threatened the Plaintiff's daughter if the Plaintiff Mrs. Minnie Webster did not have surgery, Mrs. Webster was going to die and her daughter would be listed as the daughter refusing medical treatment for the Plaintiff.

As a direct result of the Defendants breaching the applicable standard of medical care owed to the Plaintiff, the Plaintiff was suffering from congestive heart failure, a perforated diverticulitis abscess from the nurses lack of knowledge of flushing the abscesses, and the Plaintiff was not septic. The damage was the Plaintiff ended up on a ventilator after the surgery with septic shock and parasites. The Plaintiff's white blood count was so low. The night of October 13, 2012, the Plaintiff Mrs. Minnie Webster coded from septic shock, and Dr. Demps and Beatrice O. conspired, coerced and badgered the Plaintiff's daughter to terminate the Plaintiff's life. During a period of six-to-ten hours between the evening of October 13, 2012 and through 6 a.m. October 14 2012, the Plaintiff's daughter was harassed, coerced, and badgered. The Plaintiff was on the ventilator after the surgery from October 13, 2012 through December 4, 2012. On November 6, 2012, the Plaintiff was transferred to long-term care at Well Star with Edema and surgical wound vac. The Plaintiff now suffers from reoccurring bronchitis and pneumonia.

## FACTS Scenario 8 – Emory University Midtown Hospital Post Surgery ICU – Dr. Demps and Dr. Sherling – Pick Line - Gross Negligence - Gross Medical Malpractice – Gross Elderly Abuse – Gross Induced Personal Injury

On October 24, 2012 through October 29, 2012, the severity of the Plaintiff's third spacing due to fluid overload was evident in the creases in her skin all over her body were splitting. Each of the Plaintiff's beasts was as large as a watermelon. The Plaintiff had over one hundred lbs. of fluid on her, and she had a liter and one-half of fluid in her lungs according to "concealed" x-ray. The Plaintiff's daughter was advised from Dr. Demps that the Plaintiff had a pick line infection

and the pick line had to be changed from the one artery to the other. The Plaintiff's daughter Helene Webster consented to the procedure; however, the Plaintiff underwent an angioplasty procedure instead of the pick line exchange. The Plaintiff and the Plaintiff's daughter were lied to and deceived.

As a direct result of the Defendants breaching the applicable standard of medical care owed to the Plaintiff, the Plaintiff had a stroke and the Plaintiff's daughter was lied to and the Plaintiff underwent a procedure that was not consented to. The Plaintiff's daughter did not learn about the stroke until August, 2013 from Dr. Pandya's P.A. Kevin Hardin. The Plaintiff also suffers permanent damage as a result of the caused and concealed stroke, the Plaintiff's right foot drop. The Plaintiff cannot move her right ankle and is unable to walk. This is a permanent handicap. The Plaintiff is not receiving delayed stroke rehabilitation as of April, 2014 at Southern Region Medical Center.

## FACTS Scenario 9 – Emory University Midtown Hospital Post Surgery ICU – Dr. Sherling – A Second Septic Shock Episode - Gross Negligence - Gross Medical Malpractice – Gross Elderly Abuse – Gross Induced Personal Injury

On November 5, 2012, prior to the Plaintiff being discharged to Wellstar, Dr. Sherling said that the Plaintiff needed a feeding tube to be inserted into her abdomen for the Plaintiff to be accepted at Wellstar. The Plaintiff's daughter Helene Webster consented to the procedure. The Plaintiff returned from the procedure and Dr. Sherling said there was no place to insert the feeding tube because the Plaintiff had had a colonoscopy and a surgery from October 13, 2012. Dr. Sherling said they could not perform the feeding tube insertion because there was no place to insert the feeding tube. The Plaintiff's became septic once again.

As a direct result of the Defendants breaching the applicable standard of medical care owed to the Plaintiff, the Plaintiff became septic again and had to be treated at Well Star for septic shock by an infectious disease doctor. The Plaintiff's daughter learned that the Plaintiff Mrs. Minnie Webster had become septic when Dr. Sherling performed the attempted feeding tube procedure. Dr. Dabney Smith's, Nurse Marcia advised the Plaintiff' daughter Helene Webster that the Plaintiff Mrs. Minnie Webster had become septic again. Dr. Smith was the Plaintiff's former primary care physician as of August 2014 at Piedmont Hospital Senior Wellness.

## FACTS Scenario 10 – Wellstar and Other Named Parties

### Conclusion

You Honor, This complaint will be amended with all other named parties and complaints by Friday, October 10, 2014.   This task as a pro se attorney, daughter, sole full time Care-Giver and witness to these Discriminatory Acts, Retaliation, Harassment has been a very emotional and overwhelming effort due to limited resources and being a fulltime care giver to the Plaintiff. This Compliant is incomplete and the friend who was kind enough to help me draft it altered my words and left some virtual facts out.

11. Plaintiff  Mrs. Minnie Webster is no longer the defendants' patient at Emory University Midtown Hospital, Well Star Hospital at Windy Hill, Golden Living Rehab in Decatur, Amydes Home Hospice, Advanced Plus Hospice, Dr. Daya, Dr. K. Dabney-Smith, … etc.

12. If this is disability-related claim, did defendants deny a request for reasonable accommodation?    __X___ Yes _____ No

If yes, please explain:

At Emory University Hospital Midtown, Mrs. Minnie Webster was exploited and ravaged with six unnecessary surgeries and procedure in 36 days, from October 1 through November 5, 2012 before her transfer to Well Star Hospital on Nov. 6, 2012. Emory University Midtown Hospital, Physicians' did not considering her age 80 years old and her health. Mrs. Minnie Webster's diagnosis was two imperforated Diverticulitis abscesses "not ruptured" on October 1, 2012. Mrs. Webster was never given the option for the "standard medical care for an " to a diet change to a high fiber diet and the discontinuance of eating foods with seeds. She was denied the right for a second opinion. She was lied to that her life was in jeopardy. Helene Sisk Webster was coerced to sign consent papers without being properly informed about the results of the CAT scan and the radiology report. Also not give a way out – badger to sign consent paper.

13. If your case goes to trial, it will be heard by a judge unless you elect a jury trial. Do you request a jury trial?  ___X___ Yes  _____ No

## **Request for Relief**

As relief from the allegations of discrimination and/or retaliation stated above, Plaintiff Mrs. Minnie Webster prays that the Court grant the following relief:

___X___  Defendants be directed to pay back any out-of-pocket Plaintiff expenses and Patient co-pay for Medicare Fraud charges: _?_

___X___  Money damages: $100,000,000.00

___X___  Costs and fees involved in litigating this case $100,000.00

___X___  Such other relief as may be appropriate. $60,000.00

___X___    Plaintiff Helene S. Webster, other relief as appropriate, $50,000,000.

Please Read Before Signing This Complaint

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of civil Procedures for a full description of your obligation of good faith in filing this complaint and any motion or pleading in this court, as well as the sanctions that may be imposed by the Court when litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendants. Finally, if the defendants is the prevailing party in this lawsuit, cost (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed this 1st day of October, 2014

(Signature of plaintiff Pro Se Attorney)

Helene Sisk Webster
Printed name of plaintiff Pro Se Attorney

5151 Thompson Road, Unit 2317
Street Address

Fairburn, GA 30213
City, State, zip code

helenesuccesswebster27@gmail.com
Email address

678-478-5538   cell phone
Telephone Number

Mrs. Minnie Webster and Helene Webster have a right know what happened to Mrs. Webster. Mrs. Webster asked almost daily, "Who tied my feet down?" As a result from a concealed physician-induced stroke (cover –up), and provided no medical treatment for the stroke. Prior to the stroke, Mrs. Webster suffered Fluid overload in her whole body,

, Charlene Correa; Risk Manager, Katherine Jones